BEGGIN, Appellee,

v.

**FORT WORTH MORTGAGE CORPORATION, Appellant.**

[Cite as *Beggin v. Ft. Worth Mtge. Corp.* (1994), 93 Ohio App.3d 333.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–75.

Decided Feb. 15, 1994.

*Alan A. Biegel,* for appellant.

*Kenneth E. Hitchen,* for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal by defendant-appellant Fort Worth Mortgage Corporation ("Ft. Worth") from a judgment entered on June 23, 1992, by the Court of Common Pleas of Allen County in favor of plaintiff-appellee, John E. Beggin.

Ft. Worth rented commercial office space in a building owned by Beggin and paid a monthly rent of $2,750 plus certain expenses. In approximately September 1990, Ft. Worth vacated the premises and discontinued all payments to Beggin. Beggin notified Ft. Worth that he considered its nonpayment a breach of a five-year lease agreement and requested resumption of payments. Ft. Worth did not respond.

On August 7, 1991, Beggin filed his complaint against Ft. Worth, alleging breach of lease and demanding judgment for rent due for the remainder of the purported five-year lease term.

On May 21, 1992, a trial to the court was held. On June 23, 1992, the trial court entered its findings of fact and conclusions of law and entered judgment for Beggin in the amount of $51,706.58.

Appellant's first assignment of error is:

"I. The lower court erred in its conclusion of law No. 2 entered on June 23, 1992 when it concluded that 'defendant concedes it entered into a lease agreement of some king [*sic* ] and on some terms and conditions with plaintiff ...' in its Answer."

The record discloses that on October 3, 1991, two attorneys representing Ft. Worth filed separate answers to Beggin's complaint. The first answer filed by Ft. Worth states, "Defendant admits that portion of paragraph 1 which avers that it entered into a lease agreement of some kind and on some terms and conditions with Plaintiff * * *." Ft. Worth's second answer denies the existence of any lease agreement between the parties. Thereafter, the attorney who filed the first answer withdrew as Ft. Worth's counsel and the attorney who filed the second answer continued as Ft. Worth's sole legal representative.

On appeal, appellate counsel for Ft. Worth denies any previous knowledge of the first answer and, in any event, asserts that the second answer denying any lease agreement with Beggin should be considered an amended answer, pursuant to Civ.R. 15(A), precluding the trial court from considering the first answer.

The record is clear that Ft. Worth filed two separate answers and it cannot be determined from the record of the proceedings below whether trial counsel had no knowledge of the filing of the first answer or whether counsel had knowledge of the first answer and failed to apprise the trial court and move accordingly. If trial counsel did not know of the first answer then, logically, the second answer was not an amended answer within the purview envisioned by Civ.R. 15(A). However, if trial counsel for Ft. Worth did have knowledge of the first answer, then the proper procedure would have been to apprise the trial court that it filed two separate answers and the error now complained of presumably could have been addressed appropriately by the trial court. As stated in Civ.R. 16(4): "A court may adopt rules concerning pretrial procedure to accomplish the following objectives: * * * [t]he necessity of amendments to the pleadings[.]"

Nevertheless, when Ft. Worth rented office space from Beggin, a tenancy and lessor-lessee relationship was created. Hence, Ft. Worth's first answer correctly admitted that some type of "lease agreement" was established between the parties and, thus, the trial court, in quoting Ft. Worth's first answer, did not err in its conclusion regardless of the source of that conclusion.

Appellant's first assignment of error is not well taken.

In any event, the central issue in the case at bar, raised by appellant's second assignment of error, is whether the parties executed a five-year lease agreement in accordance with the Statute of Frauds, R.C. 1335.05. At trial, Beggin sought to recover the remaining approximate eighteen months of rent plus expenses on a purported five-year lease agreement after Ft. Worth vacated the premises. Ft. Worth asserted the "avoidance or affirmative defense" of the Statute of Frauds, pursuant to Civ.R. 8(C), as a full defense to Beggin's complaint. The trial court, in entering its judgment in favor of Beggin, concluded that the integration of plaintiff's Exhibits A, B and N satisfied the Statute of Frauds.

Ft. Worth now appeals this judgment in its second assignment of error which is:

"The lower court erred in its conclusion of law No. 2 entered on June 23, 1992 when it concluded that a lease contract was established from the evidence sufficient to satisfy the Statute of Frauds (O.R.C. 1335.05)."

Ft. Worth argues that the trial court erred by concluding that the requirements of R.C. 1335.05 were satisfied. After review, we agree.

R.C. 1335.05 states, in pertinent part:

"No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from

the making thereof[,] unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

It is undisputed here that the requirements of R.C. 1335.05 apply and that there is no single written document between the parties that satisfies this statute.

In 51 Ohio Jurisprudence 3d (1984) 297–298, Statute of Frauds, Section 151, it is stated:

"If any one of the writings essential to a complete expression of the essential terms of the oral contract is unsigned and is not referred to in one of the signed writings, the memorandum consisting of the several writings is insufficient to satisfy the statute for want of the necessary signature or reference."

In *Thayer v. Luce* (1871), 22 Ohio St. 62, paragraphs one and two of the syllabus, the Ohio Supreme Court stated:

"Several writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract required, by the statute of frauds, to be in writing and signed by the party to be charged therewith.

"*If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed;* but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction." (Emphasis added.)

Thus, under Ohio law, separate signed and unsigned writings may be integrated to satisfy the Statute of Frauds *only when the signed writing "specifically" makes "reference" to the unsigned writing.* If the signed writing does not make specific reference to the unsigned writings, then the separate writings cannot be integrated for the purpose of satisfying the Statute of Frauds, · R.C. 1335.05.

Hence, our threshold inquiry here, as it was for the trial court, is whether the parties' separate writings may be integrated under Ohio law. If the writings may be integrated properly, our next determination is whether the writings, together, satisfy the Statute of Frauds, R.C. 1335.05. However, if the writings cannot be integrated properly in the first instance, Ft. Worth's affirmative defense that the purported five-year lease agreement is unenforceable is a full defense to Beggin's complaint.

Here, the record reveals three documents signed by different employees of Ft. Worth, the party charged: one document is a memorandum of lease (plaintiff's Exhibit B), a second contains a written inquiry of the commencement

of a "lease" (plaintiff's Exhibit N) and the third is a letter to Beggin mentioning a "lease" agreement (plaintiff's Exhibit M). The record also contains a document asserted by plaintiff to contain the terms of a lease agreement (plaintiff's Exhibit A) between the parties signed by Beggin only. Although plaintiff's Exhibits A and B were not formally received as evidence, the record clearly indicates that the trial court considered these exhibits in entering its judgment. It is undisputed that none of the writings signed by a Ft. Worth employee contains all the essential terms of the unsigned five-year lease agreement sought to be enforced by Beggin. Thus, each signed writing fails to meet the requirements of R.C. 1335.05. In order to satisfy the requirements of the Statute of Frauds by integrating one or more of these signed writings with the terms of the unsigned purported five-year lease document, a specific reference to the leasehold property must be contained in at least one of the signed writings. *Thayer, supra.*

However, nothing in the record permits integration of the signed writings and the unsigned five-year lease agreement because none of the signed writings contains a specific reference to the unsigned five-year lease document. The signed writings refer only to a "lease." This reference lacks any specificity that would indicate it refers to the document claimed by Beggin. The signed writings do not give a description of the leasehold property or provide any other material identification of the subject matter, such as the date of commencement of the term, that reasonably may be deemed a specific reference to the five-year lease document. Indeed, nothing properly in the record permits determination of how many, or what type(s) of lease agreement(s), the parties may have discussed before, or if they finally agreed upon one or more lease agreements. Although some type of lessor/lessee relationship existed between the parties, it is stated:

"There is no substitute for the memorandum as such—or other equivalent writing—as required by the statute of frauds, and the theory once followed in many of the cases in Ohio, to the effect that delivery of possession was equivalent to a written memorandum, is no longer recognized." 51 Ohio Jurisprudence 3d (1984) 258, Statute of Frauds, Section 111.

Therefore, we conclude that the trial court erred in its judgment that plaintiff's Exhibits A, B and N may be integrated under Ohio law to satisfy the Statute of Frauds, R.C. 1335.05.

Further, even assuming *arguendo* that one or all of the signed writings are deemed to contain a specific reference to the five-year lease agreement, which would allow proper integration of the signed and unsigned writings, the writings as a whole are still insufficient to satisfy the Statute of Frauds because the date of commencement of the leasehold, an essential term, *is not specified at all.* Possession of a leasehold is not a valid substitute for a written memorandum. *Id.*

The Ohio Supreme Court held in *Kling v. Bordner* (1901), 65 Ohio St. 86, 61 N.E. 148, paragraph one of the syllabus:

"The memorandum in writing which is required by the statute of frauds [R.C. 1335.05] is a memorandum of the agreement between parties, and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself, or some other writing to which it refers, without the necessity of resorting to parol proof." (Emphasis added.) See, also, *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 16 OBR 391, 476 N.E.2d 388, and 51 Ohio Jurisprudence 3d (1984) 296–297, Statute of Frauds, Section 150.

██ The date of commencement, or alternatively the date of termination, of a five-year lease is *the* essential term when a party, as here, seeks to enforce a purported multi-year lease agreement by recovering the monetary balance due on that lease, *after* the lessee has vacated the leasehold and before the term of the purported lease has expired.

██ Additionally, a trial court may not resort to parol evidence to supply an essential term required by the Statute of Frauds, R.C. 1335.05, but absent from the memorandum. Here, without the date of commencement, Beggin's demand for the monetary balance due on the remainder of a five-year lease cannot be determined without improperly resorting to parol evidence.

Finally, we feel constrained to note that although the lease agreement itself is initialed in various places by, apparently, a Ft. Worth representative, many provisions of the lease are not initialed (requiring pure speculation about whether they are to be included or omitted or amended before finalization of the agreement), the place for a signature is unsigned and, as previously stated, there is no date upon which the lease term is to commence. Thus, standing by itself, the unsigned lease document fails to meet the essential terms requirement of R.C. 1335.05. Indeed, from the evidence properly to be considered, it is inferable that the parties never reached a final agreement and that appellant's tenancy was referable to no writing.

 Although the appellee argues that the agreement is taken from the operation of the Statute of Frauds by part performance, this equitable doctrine, as a general rule, is inapplicable where, as here, a suit is filed demanding only monetary damages. *Tier v. Singrey* (1951), 154 Ohio St. 521, 43 O.O. 492, 97 N.E.2d 20, and 51 Ohio Jurisprudence 3d (1984) 308–310, 311–312, Statute of Frauds, Sections 162 and 164. See, *e.g., Hughes v. Oberholtzer* (1954), 162 Ohio St. 330, 55 O.O. 199, 123 N.E.2d 393. Further, "[a] party fails to establish 'partial performance' through evidence of possession and payment of rent alone." *Weishaar v. Strimbu* (1991), 76 Ohio App.3d 276, 284, 601 N.E.2d 587, 592, citing

*Delfino v. Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St.2d 282, 286, 31 O.O.2d 557, 559–560, 209 N.E.2d 194, 197.

Therefore, we are unable to conclude that the trial court correctly found the parties' separate writings to be sufficiently integrated as a written instrument to comply with the Statute of Frauds, R.C. 1335.05, or alternatively that the transaction has been removed from operation of that statute by part performance where that claimed to be unperformed must be proven by the integration and for which nonperformance a money judgment is sought. Hence, this case is properly disposed of on the law enunciated in *Delfino, supra,* paragraph one of the syllabus, which states:

"A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month and, where the tenant occupying under such lease vacates the premises at the end of a month after fully prepaying the rentals then due, he is not liable to the lessor for the rental installments accruing after such vacation, in an action at law based upon such defectively executed lease. (*Wineburgh v. Toledo Corporation,* 125 Ohio St. 219 [181 N.E. 20], approved and followed.)" See, also, *Weishaar, supra.*

Accordingly, appellant's second assignment of error is well taken.

Finding error prejudicial to appellant, we reverse the judgment of the Court of Common Pleas of Allen County and remand this cause for entry of judgment for the appellant.

*Judgment reversed*
*and cause remanded.*

Evans, J., concurs.

Shaw, P.J., dissents.

Shaw, Presiding Judge, dissenting.

I agree with the observations of the majority regarding the inadequacy of many of the individual lease documents in this case. However, I believe that, when taken together, these documents do contain sufficient references to reasonably enable integration of the signed and unsigned writings and, hence, satisfaction of the Statute of Frauds. Nor am I satisfied that the circumstances of this case precluded the trial court's consideration of parol evidence or the part performance of the parties in reaching its decision, as held by the majority.

In short, I concur with the analysis and assessment of this case by the trial court as set forth in its findings of fact and conclusions of law and I believe the judgment of that court should be affirmed. For this reason, I respectfully dissent from the judgment reached by the majority of this court today.