MAR–EL ASSOCIATES OF MELVILLE, INC., Appellant,

v.

PICKER INTERNATIONAL, INC., Appellee.

[Cite as *Mar–El Assoc. of Melville, Inc. v. Picker Internatl., Inc.* (1995), 100 Ohio App.3d 394.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67675.

Decided Jan. 23, 1995.

*Robert J. Valerian,* for appellant.

*Nancy C. Cody,* for appellee.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the court of common pleas, and the briefs.

Plaintiff-appellant, Mar–El Associates of Melville, Inc. ("appellant"), asserts that the trial court erred when it granted defendant-appellee Picker International, Inc.'s motion to dismiss.

On April 21, 1994, appellant, a New York-based company, filed a complaint stating that it was an employment agency and it was owed $25,000 from appellee for the placement of Monica Tulley. On May 20, 1994, appellee filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). The trial court granted appellee's motion to dismiss on June 27, 1994.

Appellant's sole assignment of error states:

"The trial court, presuming all factual allegations of plaintiff-appellant's complaint to be true, as required by law, could not have properly dismissed plaintiff-appellant's complaint as failing to state a claim for which relief may be granted."

Appellant asserts that the trial court erred when it granted appellee's motion to dismiss pursuant to Civ.R. 12(B)(6). Specifically, appellant maintains that: (a) it was not obligated to plead in its complaint that it was licensed in Ohio as a personnel placement agency pursuant to R.C. 4143.02(A); (b) it had no obligation to plead the filing of its fee agreement with the state of Ohio pursuant to R.C. 4143.13(A) with its complaint; (c) it had no obligation to plead operative facts demonstrating that R.C. 4143.13(C) applied to its claim with its complaint; and (d) it sufficiently pled its oral contract so as to give appellee fair notice of the nature of the claim against it.

■ This court has held that a motion to dismiss made pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, " 'tests the sufficiency of the complaint and cannot be used to terminate litigation upon its merits.' " (Citation omitted.) *Weishaar v. Strimbu* (1991), 76 Ohio App.3d 276, 288, 601 N.E.2d 587, 595. Pursuant to Civ.R. 8(A), all that is required is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. *Id.*

The Ohio Supreme Court has held in *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * * " (Citation omitted.)

■ Appellee claimed that appellant's complaint did not comply with the rules set forth in R.C. Chapter 4143. After a thorough review of R.C. Chapter 4143, we find that that section does not impose any additional pleading requirements above those mandated by the Rules of Civil Procedure. R.C. 4143.01 *et seq.*

■ The only section of R.C. Chapter 4143 that addresses the relationship of personnel placement services and employers is R.C. 4143.14(F). R.C. 4143.14(F)

outlines under what conditions an employer is obligated to pay an "agreed to" fee to a personnel placement service if an applicant is terminated for lack of work. See *Le–Gals, Inc. v. Lee–Mar Steel Co.* (1985), 30 Ohio Misc.2d 5, 6, 30 OBR 142, 143, 506 N.E.2d 303, 304–305.

Furthermore, we hold that appellant's complaint did meet the requirements set forth in Civ.R. 8(A). Appellant's complaint stated that it was an employment agency seeking a fee in the amount of $25,000 for the placement of a particular employee of appellee. Accordingly, appellant's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

PATTON, C.J., SPELLACY and JAMES D. SWEENEY, JJ., concur.