OPINION
{¶ 1} This is an appeal from a judgment by the Ashtabula County Court, Eastern Division, which granted judgment to appellee in an eviction filing against appellant. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} This case emanates from a forcible entry and detainer action filed by appellee, Victor H. Cole, against appellants, Richard Kelly Cole, Claudia Cole, Matthew Thurston, and Darlene Thurston. The property that is the subject of this appeal is *Page 2 
located at 9167 Simons Road, Williamsfield, Ohio. Appellants have occupied the premises in question since 1999. The premises had previously been owned by Charles and Lucille Cole, Richard and Victor Cole's parents. While there was no written agreement between Richard Cole and his parents, Charles and Lucille, he testified there was a verbal agreement in existence that would allow him to eventually buy the premises. However, that agreement never materialized. In fact, Charles and Lucille Cole, in April 2006, deeded the property to appellee. From the time appellee owned the property, rent was not requested of appellants.
 {¶ 3} On October 3, 2006, appellee served appellant, Richard Cole, with written notification that the premises must be vacated on or before October 6, 2006. However, the other appellants were not personally served until October 17, 2006. Appellants did not vacate. On October 10, 2006, appellee filed an eviction action against appellants in the Ashtabula County Court, Eastern Division. On October 31, 2006, a full hearing on the eviction complaint was conducted. Richard Cole was the only appellant present at the hearing. The trial court's judgment entry of November 9, 2006 awarded possession of the premises to appellee.
 {¶ 4} On November 15, 2006, appellants filed a motion for stay in the trial court. The motion for stay was conditioned upon appellants posting a supersedeas bond or cash in the amount of $7,200. On November 16, 2006, this court issued a judgment entry indicating that the appealed judgment of the trial court is temporarily stayed. On November 16, 2006, appellants filed a motion to modify bond. On January 3, 2007, this court modified the temporary stay order and required appellants to deposit the sum of $425 per month with the Clerk of Courts for the Ashtabula County Court, Eastern *Page 3 
Division, beginning on Monday, January 15, 2007. This condition was in lieu of appellants posting a supersedeas bond in the amount of $7,200.
 {¶ 5} The first assignment of error states:
 {¶ 6} "The trial court committed prejudicial error and abused [its] discretion in permitting the case to go forward when plaintiff-appellee failed to go forward when plaintiff-appellee failed to join * * * necessary parties, namely Lucille and Charles Cole, failure to join said necessary parties gave court a lack of jurisdiction in the within matter. [sic.]"
 {¶ 7} Appellants contend that the trial court abused its discretion. Namely, Charles and Lucille were necessary parties in the action, and since they were not joined, the trial court was without jurisdiction. Therefore, appellants assert the action should have been dismissed. An abuse of discretion has been defined as "`more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. (Citations omitted.)
 {¶ 8} In order to support their position, appellants cite toBranham v. Holiday Lake Property Owners Assn., 6th Dist. No. H-02-019, 2002-Ohio-5193. However, a review of Branham reveals the facts in that case are readily distinguishable from the case at issue. InBranham, the owners of real property located within a private housing development had filed a complaint for declaratory relief seeking an injunction prohibiting the appellee from enforcing the rules and regulations. Id. at ¶ 4. The trial court determined that it lacked jurisdiction to make such a declaration and dismissed the *Page 4 
complaint without prejudice concluding that a declaration of rights would affect all of the property owners in the private housing development. Id. at ¶ 8.
 {¶ 9} In the case sub judice, there is no evidence that any other individuals, except the parties involved, would be affected. Therefore, appellants' reliance on Branham is flawed.
 {¶ 10} Further, the only factor appellants cite to substantiate their claim that Charles and Lucille are necessary parties is an interest in a house trailer. However, the trial court record does not reflect any evidence of an interest in a house trailer and, therefore, this court cannot consider Charles and Lucille's alleged ownership of the house trailer on appeal.
 {¶ 11} Based on the foregoing analysis, we conclude the trial court did not abuse its discretion and, therefore, the first assignment of error is without merit.
 {¶ 12} The second assignment of error states:
 {¶ 13} "The trial court committed prejudicial error when the court permitted plaintiff-appellee to proceed with a forcible entry and detainer action, when plaintiff had the main basis in law or fact to support a judgment when the sole basis for eviction was for nonpayment of rent when rent was neither a basis for occupation of the premises nor was rent ever solicited[,] elicited, requested or demanded of property owner, Victor Cole, i.e., no landlord-tenant relationship ever existed."
 {¶ 14} In the second assignment of error, appellants essentially contend that although the complaint of appellee asserted they were "in possession of the property pursuant to an oral month-to-month lease and the lease is in default because the tenants failed to pay rent and lease has been terminated," no evidence was presented *Page 5 
at the hearing to support this assertion. However, evidence was presented that appellee was the owner of the said property. Appellants assert that while appellee may still proceed "to gain exclusive right and control of his property," he may not do so under the "false pretense" that a landlord-tenant relationship did exist. In essence, appellants are arguing that pursuant to Civ.R. 15(B), appellee was required to amend the pleadings to conform to the evidence, as the issues were not tried by express or implied consent of the parties.
 {¶ 15} Civ.R. 15(B) provides, in pertinent part:
 {¶ 16} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues."
 {¶ 17} "An implied amendment of the pleadings will not be permitted, however, where it results in substantial prejudice to a party."State ex. rel. Evans v. Bainbridge Twp. Trustees (1983),5 Ohio St.3d 41, 45. (Citations omitted.) In determining whether the parties impliedly consented to litigate a certain issue, the following factors are to be considered: (1) whether the parties recognized that an issue not in the pleadings entered the case; (2) whether the opposing party had the opportunity to adequately address the issue or would offer additional evidence if the case were tried on a different theory; and (3) whether the witnesses were subject to cross-examination on the particular issue. Id. at 45-46. (Citations omitted.) *Page 6 
 {¶ 18} A trial court's decision will not be disturbed absent a showing that prejudice arose from the failure to amend the pleadings to conform to the evidence. Twin Lakes Anesthesia Group v. Starkey (May 24, 1996), 11th Dist. No. 95-P-0081, 1996 Ohio App. LEXIS 2199, at *7.
 {¶ 19} Further, it shall be noted that Ohio is a notice-pleading state. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. In the present case, the original complaint placed appellants on notice that they were to vacate the property in question. Moreover, the complaint states that appellee is the current owner of the property.
 {¶ 20} While a review of the record reveals that appellee did not seek leave to amend the pleadings to conform to the evidence, appellants were not prejudiced. A review of the entire transcript reveals that all parties present at the hearing were subject to cross-examination concerning the property, including questions regarding their ownership of the land. Further, appellants were aware of the fact that appellee owned the premises in question. In fact, appellants state in their brief to this court that appellee can "still proceed to gain exclusive right and control of his property." (Emphasis added). Therefore, even if a distinction occurred as to the claim made in the initial pleadings and the issues proven at hearing, implied consent was given to litigate the issue.
 {¶ 21} Further, appellants state in their brief that a landlord-tenant relationship did not exist between appellants and appellee, nor did a landlord-tenant relationship exist between appellants and Charles and Lucille Cole. However, appellants later argue that if an oral lease did exist, then it existed:
 {¶ 22} "* * * in excess of six years when Victor Cole gratuitously acquired the property and the responsibilities of Victor Cole were consistently and cogently met by *Page 7 
Richard Cole through his land and house trailer improvements on the five acre parcel as well as Richard Cole's work on the large 200 plus acre farm. A lease that was therefore not only in current good standing, but could have been terminated by a thirty day notice, as it was a lease for a period of years."
 {¶ 23} This argument propounded by appellant is essentially that the lease should be enforced on a theory of part performance.
 {¶ 24} R.C. 1335.04 provides "[n]o lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." Nonetheless, Ohio courts have recognized the doctrine of promissory estoppel or partial performance can remove an agreement from the operation of the statute of frauds. Kaiser v.Caskey, 6th Dist. No. L-01-1487, 2002-Ohio-4082, at ¶ 15, citingSaydell v. Geppetto's Pizza Ribs Franchise Sys., Inc. (1994),100 Ohio App.3d 111, 121.
 {¶ 25} "An agreement is only removed from operation of the statute [of frauds by virtue of partial performance] where the party relying on the agreement changes his position to his detriment and makes it impractical or impossible to return the parties to their original status."Weishaar v. Strimbu (1991), 76 Ohio App.3d 276, 284, citing Delfino v.Paul Davies Chevrolet, Inc. (1965), 2 Ohio St.2d 282.
 {¶ 26} In the case sub judice, appellants made no claim at trial, nor can it be ascertained from the record, that they changed their position in detrimental reliance upon the alleged agreement with Charles and Lucille Cole. While appellant, Richard *Page 8 
Cole, testified that he has occupied said residence since 1999, he has never paid rent to his parents or appellee. Further, the only support appellant provides for his assertion that he improved the land and house trailer is that of his own testimony. Specifically, he testified that he "helped them [Charles and Lucille Cole] do things. Plow driveways, mow the yard, fix things when they needed fixed. Little things. * * * They'd run out of gas going down the road, I go get them at 2:00 in the morning. Things like that." Further, the record discloses no evidence that Charles and Lucille Cole or appellee acted upon or even were aware of the terms of any purported agreement with respect to said premises. Thus, based upon the foregoing analysis, any parol contract by the parties was not removable from the statute of frauds by virtue of partial performance.
 {¶ 27} The second assignment of error is without merit.
 {¶ 28} The third assignment of error states:
 {¶ 29} "The trial court committed prejudicial error when the court permitted plaintiff-appellee to conspire with his parents, Charles and Lucille to engage in a false enterprise, namely use the trial court to assist them in bringing an [sic] forcible entry and detainer action under false pretenses."
 {¶ 30} Appellants do not support the contention that the trial court permitted appellee to conspire with his parents to engage in a false enterprise. The burden rests with the appellants to make an affirmative demonstration of the alleged error with citations to the record. App.R. 16(A)(7).
 {¶ 31} Upon a thorough review of the entire record, the court finds no evidence to substantiate this claim. In fact, there is evidence to the contrary. Appellee testified that the property was not transferred to him for the purpose of initiating an eviction against *Page 9 
appellants. Further, appellee testified that he was not privy to the details of the prior arrangement his mother and father allegedly had with Richard Cole as it pertained to the property. Therefore, the third assignment of error is without merit.
 {¶ 32} The judgment of the trial court is affirmed.
 {¶ 33} Our stay issued January 3, 2007 is hereby dissolved.
MARY JANE TRAPP, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1