**DAWSON et al., Appellees,**

v.

**ANDERSON, Appellant.**

[Cite as *Dawson v. Anderson* (1997), 121 Ohio App.3d 9.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE07–865.

Decided June 3, 1997.

10

*Luper, Sheriff & Neidenthal* and *Mark J. Sheriff*, for appellees.

*James P. Connors*, for appellant.

PETREE, Judge.

The complaint of plaintiffs, William B. and Teresa G. Dawson, for breach of contract and the counterclaims of defendant, Jill K. Anderson, for breach of contract and misrepresentation proceeded to a bench trial before the Franklin County Court of Common Pleas. The court ruled in favor of plaintiffs on their complaint in the amount of $33,753.76, and ruled in favor of defendant on her counterclaim for misrepresentation in the amount of $6,106.16. Defendant appeals from this judgment and asserts the following three assignments of error:

"I. The trial court erred in granting judgment to plaintiff-appellees on their claim for breach of contract because there was an accord and satisfaction by statute and common law.

"II. The trial court erred in failing to recognize defendant's affirmative defense that plaintiffs breached the agreement in many material respects which

is an affirmative defense to plaintiffs' breach of contract claim and discharges defendant's obligation to make the remaining payments under the agreement.

"III. The trial court erred because its findings were against the manifest weight of the evidence in holding for plaintiffs on their claim and failing to apply defendant's affirmative defenses to plaintiffs' claim, and also in failing to award complete damages to defendant on her counterclaims."

In May 1993, defendant and plaintiffs entered into a contract in which defendant agreed to purchase plaintiffs' flower shop for the price of $75,000. At the time of the sales agreement, plaintiffs had owned and operated the flower shop, Dawson's University Flower Shop, at its location for approximately twenty years. Defendant paid plaintiffs $20,000 upon the signing of the agreement, and plaintiffs financed the $55,000 balance at eight and one-half percent interest per annum over five years. Defendant was to pay plaintiffs' monthly installments of $1,128.41.

Defendant's ex-husband had informed her that plaintiffs were interested in selling the flower shop. Defendant's ex-husband and plaintiff William Dawson were long-time friends, and defendant considered plaintiffs her friends also. Defendant did not have legal counsel or obtain an independent review of the sales projection figures that plaintiffs had provided her or any other financial records of the business. Defendant testified that she did not investigate the business in any detail before entering the sales contract because she relied on her ex-husband's opinion that purchasing the flower shop would be a good business deal and she trusted the representations of plaintiffs, her long-time friends, that the business was profitable.

Defendant testified that when she entered the purchase agreement she had been told that the equipment was in fantastic working order and that she could count on profits of at least $75,000 a year before considering her debt service expense. Defendant found that the reality of the situation was disappointingly different from her expectations. Significantly, defendant incurred costly maintenance bills for the equipment, and the profits that she realized on the business were a far cry from $75,000. Defendant testified that in the first seven months of operation her business lost $1,625. In 1994 and 1995, respectively, the shop realized profits of about $24,000 and $17,000.

On January 30, 1995, defendant sent plaintiffs a check in the amount of $6,560.21 accompanied with a letter. On the front of the check in the explanation box, defendant wrote, "Payment in full for University Flower Shop." In the letter, defendant informed plaintiffs that with this check she had made total payment of $50,000 and that this would be her final payment. Plaintiffs negotiated the check but informed her that they expected her to continue making payments under the agreement. When defendant refused to continue making

payments, plaintiffs brought the present breach-of-contract claim seeking monetary damages on the remainder of the debt, $33,753.76, plus interest.

In her first assignment of error, defendant asserts that the trial court erred when it found that she had not established the affirmative defense of accord and satisfaction. Specifically, defendant argues that the trial court erroneously determined that there was no dispute regarding the amount owed under the agreement.

R.C. 1303.40 addresses accord and satisfaction by use of instrument; it provides as follows:

"If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all the following apply:

"(A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of ' the claim."

If a party against whom a claim for money damages is made can prove the affirmative defense of accord and satisfaction, that party's debt is discharged as a matter of law. *Allen v. R.G. Indus. Supply* (1993), 66 Ohio St.3d 229, 231, 611 N.E.2d 794, 797. "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." *Id.*, at 231, 611 N.E.2d at 797. A defendant must prove the affirmative defense of accord and satisfaction by a preponderance of the evidence. *Scot Smith Realty Co. v. Frederick McIlvain* (Nov. 1, 1996), Montgomery Cty.App. No. 15889, unreported, 1996 WL 629528. Preponderance of the evidence means the greater weight of the evidence. *Weishaar v. Strimbu* (1991), 76 Ohio App.3d 276, 283, 601 N.E.2d 587, 592.

Two safeguards which both the common law and R.C. 1303.40 have built into the doctrine of accord and satisfaction are (1) that there must be a good-faith dispute over the debt, and (2) that the creditor must have a reasonable notice that the check is intended as full satisfaction of the debt. *Id.*, at 232, 611 N.E.2d at 797–798; R.C. 1303.40. When there is a fixed and certain amount due, a counterclaim or a defense which disputes the fixed and certain amount satisfies the requirement that there be an unliquidated or disputed demand. *Yin v. Amino Products Co.* (1943), 141 Ohio St. 21, 29, 25 O.O. 136, 139–140, 46 N.E.2d 610, 613.

**14**

■ Whether there is a bona fide dispute is a question of fact. *Scot Smith Realty Co., supra.* Resolution of the first assignment of error turns on whether the trial court's finding that there was no bona fide dispute is against the manifest weight of the evidence. Consequently, consideration of defendant's first assignment of error also entails consideration, in part, of her third assignment of error, which alleges that the trial court made numerous findings which are against the manifest weight of the evidence including finding that there was no bona fide dispute as to the amount owed under the contract.

■ "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Determinations of the fact finder are given great deference especially when the determinations turn primarily on evaluations of credibility. *Scot Smith Realty Co., supra.*

■ When a creditor negotiates a check accompanied by reasonable notice that it is offered as full payment by the debtor for a disputed debt, there is accord and satisfaction. *Allen,* 66 Ohio St.3d at 232, 611 N.E.2d at 797–798; R.C. 1303.40. As the trial court found, plaintiffs negotiated the final check, which was clearly marked as constituting payment in full. However, the court found that "there was no dispute about the amount of money Defendant owed under the purchase agreement, nor was the amount of the debt unliquidated. Consequently, the defense of accord and satisfaction will not excuse Defendant's failure to fully perform her obligations under the contract."

While the issue of whether a bona fide dispute existed is a question of fact, in the present case resolution of this factual issue does not hinge on credibility of the witnesses. Although there was differing testimony regarding the communications between the parties before defendant sent the final payment and whether they established a bona fide dispute, the letter in and of itself establishes the existence of a bona fide dispute.

Defendant began her letter outlining the reasons for her decision to reduce her debt. The letter states that defendant lost money in 1993 and indicates defendant's perception that plaintiffs' financial projections and representations to her about the condition of the equipment were dishonest. Defendant also voices problems she has with certain terms of the lease. The final two paragraphs of the letter provide as follows:

"The point of this letter is to share with you my two options. The first would be to close the flower shop because I can no longer afford to work for free, and the second would be to reduce my debt. I have decided that reducing my debt is

my only choice due to the many lives that would be affected if the flower shop closed.

"I bought the flower shop because you asked that I believe your numbers and projections in spite of never seeing a tax return. I had anticipated a fair compensation and much to my chagrin, it's been the opposite. With the enclosed check I will have paid you a total of $50,000.00. This is my final payment and although you might not agree with me, I'm sure you understand that I believed in you and your numbers and if I hadn't, I would never have purchased the flower shop."

It is clear in the letter that defendant disputes the balance owed under the agreement. Defendant communicated her position that she would not pay any more money and considered her obligation under the contract to be satisfied. At trial, Teresa Dawson acknowledged that she and her husband understood the letter, but testified that they disagreed. Thus, there was a bona fide dispute.

This court finds that the letter is competent credible evidence that a bona fide dispute existed and substantially outweighs any evidence to the contrary. Consequently, the trial court's finding of no bona fide dispute cannot reasonably be sustained. Defendant's first assignment of error and third assignment of error, to the extent that it alleges that the trial court's finding of no dispute is against the manifest weight of the evidence, are sustained.

Because defendant's first assignment of error has been sustained, her second assignment of error is moot as is her third assignment of error as it relates to findings of fact other than the existence of a bona fide dispute.

Defendant's first assignment of error is sustained, defendant's second assignment of error is moot, defendant's third assignment of error is sustained in part and moot in part. The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and CLOSE, JJ., concur.