This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sadie Pearl Lesure, appeals from the decision of the Wadsworth Municipal Court, which entered judgment in favor of Appellee, Albert Jeffery. We reverse and remand for further proceedings consistent with this opinion.
 I. {¶ 2} On June 15, 1996, Lesure sold a business to Jeffery.[1]
Jeffery owned the business for five years and sold the business back to Lesure in 2001. During those five years, Jeffery leased the property upon which the business sits from Lesure.
 {¶ 3} The parties orally agreed that Lesure would re-purchase the business from Jeffery for $25,000. Lesure made an initial payment of $12,000. Lesure's final payment was to be for $13,000, but she paid Jeffery $10,332.33 instead. Lesure deducted various expenses from the $13,000, although it is unclear from the testimony whether these expenses stemmed from the agreement to purchase the business or from the lease agreement itself.
 {¶ 4} Jeffery filed a complaint in the small claims division of the Wadsworth Municipal Court, seeking $3000 in damages for money due on the contract and for unpaid telephone bills. Lesure argued the defense of accord and satisfaction. Lesure claimed that she wrote "paid in full" on the front of the check, and Jeffery wrote "exception — accepted for partial payment only" on the back. However, this Court notes that a copy of the check was not admitted into evidence, nor does a copy of the check appear anywhere in the appellate record. A hearing was held on March 8, 2002. The trial court entered judgment in favor of Jeffery in the amount of $1,675.16. This appeal followed.
 Assignment of Error {¶ 5} "THE TRIAL COURT ERRED BY NOT FINDING THAT THE DISPUTE BETWEEN THE PARTIES HAD NOT BEEN SATISFIED BY APPELLEE CASHING A CHECK TENDERED BY APPELLANT IN ACCORD AND SATISFACTION OF THE DISPUTED DEBT."
 {¶ 6} In her sole assignment of error, Lesure argues that the trial court erred when it did not enter judgment in her favor on her defense of accord and satisfaction. Because we find that the trial court applied the incorrect law, we reverse and remand for further proceedings.
 {¶ 7} If a party against whom a claim for money damages is made can prove the defense of accord and satisfaction, the debt is discharged as a matter of law. Allen v. R.G. Indus. Supply (1993), 66 Ohio St.3d 229,231. R.C. 1303.40 governs accord and satisfaction by use of an instrument, such as a check. R.C. 1303.40 provides,
 {¶ 8} "If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all the following apply:
 {¶ 9} "(A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.
 {¶ 10} "(B) Subject to division (C) of this section, a claim is not discharged under division (A) of this section if either of the following applies:
 {¶ 11} "* * *
 {¶ 12} "(2) The claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. Division (B)(2) of this section does not apply if the claimant is an organization that sent a statement complying with division (B)(1) of this section.
 {¶ 13} "(C) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim."
 {¶ 14} The doctrine of accord and satisfaction applies when (1) there is a good-faith dispute over the debt, or the debt is unliquidated, and (2) the creditor has reasonable notice that the check is intended as full satisfaction of the debt. Dawson v. Anderson (1997),121 Ohio App.3d 9, 13, citing Allen, 66 Ohio St.3d at 232. In such cases, if the claimant obtains payment of the instrument, he must tender repayment to the debtor within ninety days, or the debt is discharged. R.C. 1303.40.[2]
 {¶ 15} In the hearing on this matter, the following exchange took place:
 {¶ 16} "Miss Lesure: How can you cash a check when you have marked paid in full on it and then turn around and sue me for the balance? If he wasn't going to accept the check as full payment, why did he cash the check for it?
 {¶ 17} "[Plaintiff's counsel]: Your Honor, if you will check the endorsement on that check, you'll see that there was a reservation of rights before it was cashed.
 {¶ 18} "The Court: Is that right, ma'am?
 {¶ 19} "Miss Lesure: Yeah. But I had on the front of the check payment in full.
 {¶ 20} "The Court: They put on the back what?
 {¶ 21} "Miss Lesure: Exception — accepted for partial payment only. But the Revised Code Section 1303.40 —
 {¶ 22} "The Court: If you can add something to the front, they can add something to the back and you're both on notice.
 {¶ 23} "Miss Lesure: But I was writing that as a receipt.
 {¶ 24} "The Court: Doesn't matter. You're both on notice. * * *"
 {¶ 25} Based upon the above statements, it appears that the trial court failed to apply the correct law governing accord and satisfaction. The long-standing common law in Ohio provided that when a debtor tendered a partial payment for a disputed or unliquidated debt and marked the check "payment in full," the creditor could either accept the payment under the condition that it was payment in full, or reject the payment entirely. See Seeds Grain Hay Co. v. Conger (1910), 83 Ohio St. 169, paragraph one of the syllabus; Christie, Inc. v. Rochelle-Forest Inc.
(Dec. 14, 1995), 10th Dist. No. 95APE05-592. However, in AFC Interiorsv. DiCello (1989), 46 Ohio St.3d 1, the Ohio Supreme Court overruled the common law and gave the creditor another option under R.C. 1301.13: "the creditor may accept the check as partial payment on the debt so long as the creditor explicitly reserves all rights by endorsing the check `under protest' or any legend sufficient to apprise the debtor that the check is not accepted as full payment on the debt. In so doing, the creditor does not thereby prejudice any rights reserved on the balance alleged to be due." Id. at paragraph two of the syllabus. See, also, Christie, Inc., supra.
 {¶ 26} R.C. 1301.13 has since been amended, and now provides that such reservations of rights do not apply to an accord and satisfaction. R.C. 1301.13(B). As a result, a creditor's reservation of rights, by endorsing the check "under protest" or the like, no longer defeats a defense of accord and satisfaction.
 {¶ 27} Accordingly, Lesure's assignment of error is sustained solely to the extent that the trial court applied the incorrect law. However, this Court notes that it takes no position as to whether the particular elements of accord and satisfaction have been met in this case.
 III. {¶ 28} Having sustained the sole assignment of error to the extent that the trial court applied the incorrect law, we reverse the judgment of the trial court and remand the cause for further proceedings.
 {¶ 29} The Court finds that there were reasonable grounds for this appeal.
 {¶ 30} We order that a special mandate issue out of this Court, directing the , County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 31} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
SLABY, P.J. and CARR, J., concur.
[1] The business has been called various names throughout the years, and it is currently named Dairy Isle Restaurant.
[2] While not applicable to this case, R.C. 1303.40 also provides that an organization may designate a particular person, office, or place, to which communications concerning disputed debts are to be sent, provided that the organization sends a conspicuous statement to that effect to the debtor. In such cases, the claim is not discharged if the check or communication regarding the disputed debt is not received by the designated person, office, or place. See. R.C. 1303.40(B)(1).