DECISION.
{¶ 1} Plaintiff-appellant Paula Mooney suffered injuries after she was involved in an automobile accident on May 14, 2002. Mooney's car collided with an automobile driven by defendant-appellee Alisa Finnerty, but owned by defendant-appellee Lynn Kennedy.
 {¶ 2} Three days after the accident, on May 17, 2002, Mooney met with Edward Burger, an insurance adjuster employed by Nationwide Insurance. Burger and Mooney resolved Mooney's claims for damages resulting from the accident. Mooney signed a release and accepted damages of $1,136, plus medical expenses incurred within the next 60 days up to $2,500.
 {¶ 3} Two years later, Mooney filed suit against Finnerty and Kennedy. Finnerty and Kennedy filed a motion for summary judgment, arguing that the release signed by Mooney was an accord and satisfaction. After concluding that Mooney had entered into a full and final settlement agreement and had released all claims against Finnerty and Kennedy, the trial court granted the motion for summary judgment.
 {¶ 4} Mooney has appealed. In her sole assignment of error she argues that the trial court erred in granting summary judgment because no accord and satisfaction existed and because the release that she signed was unconscionable. For the following reasons, we affirm the judgment of the trial court.
 Standard of Review {¶ 5} This court reviews grants of summary judgment de novo, without any deference to the trial court's decision.[1] Summary judgment may appropriately be granted only when there exists no genuine issue of material fact, the movant is titled to judgment as a matter of law, and the evidence, when viewed in favor of the non-moving party, permits only one reasonable conclusion that is adverse to the non-moving party.[2]
 Accord and Satisfaction {¶ 6} A valid accord and satisfaction may be asserted as an affirmative defense to a claim for monetary damages.[3] An accord and satisfaction is "[a]n agreement to substitute for an existing debt some alternative form of discharging that debt, coupled with the actual discharge of the debt by the substituted performance."[4]
 {¶ 7} The Ohio Supreme Court has held that when a defendant attempts to rely on the affirmative defense of an accord and satisfaction, three elements must be met.[5] The defendant must show the presence of an accord, i.e., an offer and acceptance. The defendant must next show that the accord was actually executed or carried out. Finally, the defendant must demonstrate that the accord and satisfaction was supported by some form of consideration.[6]
 {¶ 8} The Ohio Supreme Court has further recognized two safeguards that must be present for there to be a valid accord and satisfaction: "[1] there must be a good-faith dispute about the debt and [2] the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt."[7]
 {¶ 9} Mooney argues that, in the present case, the absence of these two required safeguards barred Finnerty and Kennedy from relying on accord and satisfaction as a defense.
 Reasonable Notice {¶ 10} Mooney argues that she lacked notice that the check issued to her for $1,136 was intended to be a full and final settlement of her claims. We disagree.
 {¶ 11} To provide a party with reasonable notice that a check is intended to be a full satisfaction of a debt, "the debtor must make it clear, in the eyes of a reasonable person, that the check is being tendered only on the condition that it is taken in full payment of the disputed claim."[8] The debtor may convey such a condition by including relevant language on the check itself or by extrinsic evidence of a separate agreement between the parties.[9]
 {¶ 12} In the present case, Mooney and Burger executed a separate agreement, the release provided by Nationwide, that provided Mooney with notice that the check was offered in full satisfaction of Finnerty and Kennedy's debt. This release included the date and location of the automobile accident, and it specifically stated that Mooney "release[d] and discharge[d] Lynn Kennedy and Alisa Finnerty, the Insurance Company accepting this Agreement and any and all other persons * * * of and from any and all past, present and future actions * * * and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries, death and/or property damage resulting to or from" the accident.
 {¶ 13} The release provided explicit notice that the payment issued to Mooney was a full satisfaction of Finnerty and Kennedy's debt. In an attempt to circumvent the plain language contained in the release, Mooney argues that Burger's behavior following the execution of the release demonstrated his belief that the release was a not final settlement. Again, we disagree.
 {¶ 14} Mooney asserts that, during a conversation with her counsel, Burger agreed to deem the release an advance payment if Mooney provided documentation that her medical expenses were in excess of the original settlement. This is a mischaracterization of Burger's statements. In his deposition, Burger described his conversation with Mooney's counsel. He indicated that he had stated that "in the event we have significant other treatment and we have the supporting documentation, then I would be willing to review those records and discuss with you at that time if there was anything Nationwide could do." Burger further stated that he was not waiving the existing agreement, and that, hypothetically, "what we would do in cases like this typically, if we know we have a situation where a person has an inadequate agreement, then Nationwide is interested in doing what's right and we would consider the existing payments as advance payments and we would pursue settlement under a new agreement."
 {¶ 15} The record clearly indicates that Burger had not waived the release or agreed to regard the initial payments as advancements. He was merely explaining what options Nationwide would consider should Mooney provide the necessary medical documentation. This conversation did not negate the final settlement contained in the release.
 {¶ 16} Mooney further argues that, by requesting additional proof of her lost wages and medical expenses and by setting her case for review during settlement week, Burger indicated that no final resolution had been reached. Burger took these actions to ascertain the extent of Mooney's medical damages in an attempt to determine how much of the allotted $2,500 was still owed to Mooney. His actions did not affect the release executed between the parties.
 {¶ 17} Because Mooney had notice that the payment she received was a full satisfaction of Finnerty and Kennedy's debt, we find no merit in her argument.
 Good-Faith Dispute {¶ 18} Mooney next argues that there could have been no accord and satisfaction because there was no dispute among the parties about the debt owed. She is relying on the absence of the second required safeguard for a valid accord and satisfaction.
 {¶ 19} The Ohio Supreme Court has recognized the importance of the existence of a dispute between the parties. "First, if there is no dispute, the accord would not be supported by consideration because the creditor would not be giving anything up in exchange for payment from the debtor * * *. Second, requiring a bona fide dispute protects unsophisticated creditors because it ensures that they are aware that they are giving something up in return for the debtor's offer."[10]
The court further recognized that some sort of claim or demand from the creditor is necessary to create a dispute between the parties.[11] An offer from a debtor that is accepted by a creditor without negotiation does not involve a bona fide dispute.
 {¶ 20} Mooney argues that because Burger initiated contact with her and made an offer before receiving a demand, no dispute existed. Mooney correctly asserts that Burger made his initial settlement offer before receiving any sort of claim or demand from Mooney. Burger offered Mooney a settlement of $1,136 plus medical expenses incurred within 30 days, up to $2,500. But this initial offer was not the final settlement agreed upon by the parties and included in the signed release. The final settlement involved a payment of $1,136 plus medical expenses incurredwithin 60 days, up to $2,500.
 {¶ 21} A dispute existed between the parties over the amount of time in which Mooney had to incur and be compensated for medical expenses. The parties negotiated this time period from the original offer of 30 days to the settled period of 60 days. Because we conclude that there was a dispute among the parties, we find Mooney's argument to be without merit. We further conclude that a valid accord and satisfaction was present.
 The Release was not Unconscionable {¶ 22} Lastly, Mooney argues that even if we determine that there was a valid accord and satisfaction, the release could not have been enforced because it was unconscionable.
 {¶ 23} A contract is unconscionable when its formation and execution involve "an absence of meaningful choice on the part of one of the parties * * * combined with contract terms that are unreasonably favorable to the other party."[12] An unconscionability analysis involves two distinct prongs:substantive unconscionability and procedural unconscionability[13] "One must allege and prove a`quantum' of both prongs in order to establish that a particular contract is unconscionable."[14]
 {¶ 24} An analysis into procedural unconscionability is concerned with the relative bargaining power of the parties. Relevant factors include "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, [and] whether alterations in the printed terms were possible."[15]
 {¶ 25} The release signed by Mooney was not procedurally unconscionable. Mooney was an adult woman with an associate's degree. The contract clearly stated the terms of the settlement. Mooney was aware of the monetary amount that she was to receive immediately, as well as of the fact that she had 60 days in which to submit additional medical expenses for which she would be compensated up to $2,500. And given that the parties negotiated the contract to allow Mooney an extra 30 days to obtain additional medical expenses, it was clearly possible to alter the terms of the contract.
 {¶ 26} Nor was the release substantively unconscionable. A determination whether a contract is substantively unconscionable focuses on "those factors which relate to the contract terms themselves and whether they are commercially reasonable."[16] We conclude that the terms contained in the release were commercially reasonable.
 {¶ 27} Because the release executed by the parties was not unconscionable, we find no merit in Mooney's argument.]
 {¶ 28} Accordingly, we conclude that the trial court appropriately granted summary judgment to Finnerty and Kennedy, and we affirm that judgment.
Judgment affirmed.
HILDEBRANDT, P.J., and SUNDERMANN, J., concur.
[1] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241.
[2] State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[3] Allen v. R.G. Indus. Supply, 66 Ohio St.3d 229, 231, 1993-Ohio-43,611 N.E.2d 794.
[4] Black's Law Dictionary (2 Pocket Ed. 2001) 7.
[5] Allen v. R.G. Indus. Supply, supra, 66 Ohio St.3d at 231.
[6] Id. at 231-232.
[7] Id. at 232, citing AFC Interiors v. DiCello (1989),46 Ohio St.3d 1, 12, 544 N.E.2d 869.
[8] Id. at 233.
[9] Id.
[10] Id. at 232.
[11] Id. at 235.
[12] Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826,834, 621 N.E.2d 1294.
[13] Id.
[14] Id.
[15] Id., citing Johnson v. Mobil Oil Corp. (E.D.Mich. 1976),415 F.Supp. 264, 268.
[16] Id.