[Cite as *Fox Consulting v. Spartan Warehouse & Distrib., Inc.*, 2016-Ohio-7621.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

THE FOX CONSULTING GROUP, INC., d.b.a. SCHOOLEY MITCHELL TELECOM CONSULTANTS,

    Plaintiff-Appellant,

    vs.

SPARTAN WAREHOUSE AND DISTRIBUTION, INC., d.b.a. SPARTAN LOGISTICS,

    Defendant-Appellee.

:      APPEAL NO.  C-160251
:      TRIAL NO.   A-1405805
:
:      *O P I N I O N.*
:
:
:
:
:
:

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 4, 2016

*Rendigs, Fry, Kiely & Dennis, LLP, Donald C. Adams* and *Ryan J. Dwyer*, for Plaintiff-Appellant,

*Taft, Stettinius & Hollister*, *LLP*, and *Nicholas Pieczonka*, and *Burman & Robinson* and *Robert N. Burman* for Defendant-Appellee.

**STAUTBERG, Judge.**

{¶1}   This is an appeal from the trial court's granting of summary judgment in favor of defendant-appellee Spartan Warehouse and Distribution, Inc., d.b.a. Spartan Logistics ("Spartan").  For the following reasons, we affirm.

{¶2}   On April 7, 2011, plaintiff-appellant The Fox Consulting Group, Inc., d.b.a. Schooley Mitchell Telecom Consultants ("Fox Consulting"), entered into a contract with Spartan whereby Fox Consulting agreed to recommend ways for Spartan to save money in its telecom systems.  In exchange, Spartan agreed to pay Fox Consulting a fee equal to 50 percent of the savings that resulted from any recommendation that Spartan chose to use.  Fox Consulting's fee was to be collected for a period of 36 months from the date that Spartan implemented a given recommendation.

{¶3}   On May 20, 2011, Spartan agreed to use Fox Consulting's "Recommendations 1 and 2." According to Fox Consulting, these recommendations were implemented over several quarters. In January 2014, Spartan started questioning Fox Consulting's invoices, and expressed doubts about the claimed savings.  In February 2014, Spartan informed Fox Consulting that it wished to terminate its contract with them, effective immediately, and stated that if there was an amount due for the next billing quarter, Fox Consulting should let Spartan know. Fox Consulting thereafter sent Spartan an invoice for $3,461.35 for its fee based on projected savings resulting from Recommendations 1 and 2 from February 2014-April 2014.  Further, Fox Consulting proposed a $27,439 buyout of the remainder of the contract.  Fox Consulting's email had in it the formula it had used to calculate the projected savings that formed the basis for its buyout offer.  Spartan rejected the buyout offer, stating in an email that its "phone bill has gone up every day for the last 3 years."  On April 8, 2014, Steve Harmon, the managing director of Spartan, emailed Sean Fox, the managing partner of Fox Consulting.  Harmon wrote that,

according to his calculations, Spartan's telephone costs had gone up nearly 50 percent since they had hired Fox Consulting, and stated:

> This email serves as notice that we are terminating this contract effective immediately for unsatisfactory performance. Although we should expect a refund for all amounts paid since promised "savings" were not achieved, we will remit final payment for [sic] of $2500 for the period ending April 2014. Acceptance of this payment will constitute acceptance and termination of all past and future obligations to each other.

{¶4} Spartan sent Fox Consulting a check dated April 8, 2104, for $2500, accompanied by a copy of Harmon's April 8, 2014 email. "Final settlement and termination per attached" was in the memo of the check. On April 9, 2014, Sean Fox stated in an email that final payment should be based on the six billing periods left on Recommendation 1, and nine left on Recommendation 2, and again stated that a fair buyout number for the contract would be around $27,000. On April 15, 2014, Fox Consulting deposited Spartan's check. Spartan made no other payments to Fox Consulting.

{¶5} Fox Consulting later sued Spartan, alleging breach of contract and unjust enrichment. Spartan counterclaimed for a declaratory judgment, asking the trial court to declare that, under R.C. 1303.40—"accord and satisfaction by use of an instrument"—Fox Consulting's claims should be dismissed, and Spartan should be released from any obligation to Fox Consulting under the parties' contract. Spartan subsequently moved for summary judgment. The trial court granted Spartan's motion. This appeal followed.

{¶6} We review the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment

is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton*; *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶7} Fox Consulting raises four assignments of error. All relate to the trial court's declaration that there had been an "accord and satisfaction" in this case.

{¶8} "Accord and satisfaction is an affirmative defense to a claim for money damages." *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 231, 611 N.E.2d 794 (1993). "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." *Id.* In cases of accord and satisfaction involving a negotiable instrument, R.C. 1303.40 applies. R.C. 1303.40 is Ohio's version of UCC 3-311. In pertinent part, R.C. 1303.40 provides that:

> If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all the following apply:

> (A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

4

{¶9}   In Fox Consulting's first assignment of error, it contends that the trial court erred because an accord and satisfaction cannot apply "to non-existent potential future fees." Fox Consulting argues that because the fees from the implementation of Recommendations 1 and 2 were not due at the time it cashed the $2500 check, there was no "claim" as that term is used in R.C. 1303.40.

{¶10}  In support of this argument, Fox Consulting relies heavily on a Texas case, *Milton M. Cooke Co. v. First Bank & Trust*, 290 S.W.3d 297 (Tex.App.2009). In that case, First Bank & Trust ("First Bank") sued customers Milton M. Cooke Co. and Milton M. Cooke, Jr., (collectively "Cooke Co.") for monies due on two promissory notes. Cooke Co. admitted that they had not paid on those notes, but raised the defense of accord and satisfaction.  The parties stipulated to the facts that—in an unrelated course of events—First Bank had cashed unauthorized checks drawn on Cooke Co. accounts, that Cooke Co. and First Bank had had discussions in which Cooke Co. wanted to offset its losses from the unauthorized checks with its loan obligations to First Bank, and that First Bank had refused this "off-set" offer. Thereafter, Cooke Co. made its customary monthly payments on its loans, and in the memo of each check wrote "payment in full."  At trial, Cooke Co. argued that it had proven an accord and satisfaction and that it had discharged its obligation on each loan.

{¶11}  Like R.C. 1303.40, Tex. Bus. & Com. Code 3.311(A) is an adoption of UCC 3-311.  Tex. Bus. & Com. Code 3.311 may be invoked by "a person against whom a claim is asserted."  Citing this provision, the Texas court found that because the dispute between the parties arose from the unauthorized checks, only, there was no "claim" by First Bank against Cooke Co. concerning the monies due on the loan note. *Milton M. Cooke Co.* at 306.  The court therefore concluded that the defense of accord and satisfaction did not apply to discharge Cooke Co.'s obligations on the notes. *Id.* The holding of this case was not, as argued by Fox Consulting, based on the

fact that there were future obligations at issue. Rather, the court found that there was no "claim" by the bank concerning payment on the notes because there was no dispute over what was due on the notes.

{¶12} This case is different. Here, there was a dispute as to the future amounts due under the parties' contract. Fox Consulting considered $27,439 to be a fair buyout payment. Spartan contended that they "should expect a refund for all amounts paid since promised 'savings' were not achieved," and offered $2500 to resolve all "past and future obligations." There is nothing in R.C. 1303.40 that bars the defense of accord and satisfaction under these circumstances. *See, e.g., Dawson v. Anderson*, 121 Ohio App.3d 9, 698 N.E.2d 1014 (10th Dist.1997) (applying the defense of accord and satisfaction to disputed future amounts due under a contract); *Gabriele v. McComb*, 12th Dist. Warren No. CA95-03-026, 1995 Ohio App. LEXIS 4467 (Oct. 9, 1995) (applying the defense of accord and satisfaction to future amounts due under a promissory note). We therefore overrule Fox Consulting's first assignment of error.

{¶13} In its second assignment of error, Fox Consulting claims that the trial court erred "by failing to examine whether Spartan's proposed accord included a 'conspicuous statement' that it was intended to fully satisfy both the existing $3461.35 debt and the non-existent potential future fees."

{¶14} Here, the trial court found that Fox Consulting received "payment which was accompanied by clear language indicating that it was full and final payment for all past and future sums." Consequently, despite Fox Consulting's argument to the contrary, the trial court did indeed examine Spartan's proposed accord and determined that the language that accompanied payment to Fox Consulting met the requirements of R.C. 1303.40. We find no error in the trial court's determination.

{¶15}  "The rule relating to an offer of accord is that the offer must make clear that the offeror seeks a total discharge." *Allen*, 66 Ohio St.3d at 232, 611 N.E.2d 794; *see Mooney v. Finnerty*, 1st Dist. Hamilton No. C-060098, 2006-Ohio-6981, ¶ 11-13. R.C. 1303.40(A) requires a "conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." This can be made on the negotiable instrument itself, or in a "written communication" accompanying payment. R.C. 1303.40(A). Quoting UCC 1-201(10), the official comment to R.C. 1303.40 provides that a statement "is conspicuous if 'it is so written that a reasonable person against whom it is to operate ought to have noticed it.' "

{¶16}  In this case, the phrase "final settlement and termination per attached" was written on the check that Spartan sent to Fox Consulting. Harmon's accompanying email stated that the payment was for the period ending April 2014. It also stated that "[a]cceptance of this payment will constitute acceptance and termination of all past and future obligations to each other." Fox Consulting asserts that this language was ambiguous because the email did not define "the period ending April 2014" or the phrase "all past and future obligations." We find no ambiguity. The check and the email accompanying payment clearly set forth the fact that accepting Spartan's $2500 check would constitute a settlement of the parties' dispute concerning the amount owed under the parties' contract. We therefore hold that the trial court did not err when it determined that there was no genuine issue of material fact concerning whether the "conspicuous statement" requirement in R.C. 1303.40(A) had been met. Fox Consulting's second assignment of error is overruled.

{¶17}  In its third assignment of error, Fox Consulting contends that because it emailed Spartan on April 9, 2014, rejecting Spartan's April 8, 2014 $2500 offer, there was no accord and satisfaction despite the fact that it cashed Spartan's check. Fox Consulting's argument is two-fold.  It first contends that the trial court wrongfully held that R.C. 1303.40 abrogated the common law accord-and-

7

satisfaction requirement of "mutual assent." Second, Fox Consulting argues that there was no "mutual assent" to Spartan's $2500 proposed settlement.

{¶18} First, we find no indication that the trial court improperly applied R.C. 1303.40. Here, Spartan offered $2500 as payment in full as to all past and future obligations between the parties. When Fox Consulting negotiated Spartan's check, it accepted Spartan's terms. Even if Fox Consulting's April 9, 2014 email constituted a "protest" or "reservation of rights," these defenses are not available to a claimant attempting to avoid an accord and satisfaction in this manner. *See* R.C. 1301.308; Official comment to R.C. 1303.40 (UCC 3-311); *Jeffrey v. Lesure*, 9th Dist. Medina No. 02CA0026-M, 2002-Ohio-7324, ¶ 25-26. Fox Consulting could have protected itself by not cashing the check. It also had the option to avoid an accord and satisfaction under R.C. 1303.40(B)(2) by repaying Spartan within 90 days of accepting payment. It did not avail itself of either option. Fox Consulting's third assignment of error is overruled.

{¶19} In its fourth assignment of error, Fox Consulting contends that the trial court erred when it determined that there was a "bona fide" dispute. This argument has no merit.

{¶20} "The requirement for an actual dispute is perceived as a safeguard that protects unsophisticated creditors against overreaching debtors and ensures an adequate consideration for extinguishing the debt." *CitiBank (South Dakota) N.A. v. Perez,* 191 Ohio App.3d 575, 2010-Ohio-5890, 947 N.E.2d 191 (6th Dist.), ¶ 44, citing *Allen*, 66 Ohio St.3d at 232, 611 N.E.2d 794. A partial payment in the absence of a bona fide dispute "is merely a thing which the party is already bound to do." *Rhoades v. Rhoades*, 40 Ohio App.2d 559, 562, 321 N.E.2d 242 (1st Dist.1974).

{¶21} Here, there was a bona fide dispute between the parties. By Spartan's calculations, it had realized no telecom savings. It expressed to Fox Consulting that it wished to terminate the parties' contract, and felt that it was potentially entitled to

a refund of monies already paid to Fox Consulting. By Fox Consulting's calculations, Spartan had saved thousands of dollars, and would continue to save thousands of dollars through the implementation of Fox Consulting's recommendations. Under these circumstances, we hold that the trial court did not err in finding that there was a "bona fide" dispute.

{¶22} Fox Consulting's fourth assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**FISCHER, P.J.,** and **DEWINE, J.,** concur.

Please note:

This court has recorded its own entry this date.