[Cite as *Adkinson v. Alex Bell Dental-Daniel Cobb, DDS, L.L.C.*, 2019-Ohio-2127.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DIANNE ADKINSON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28282 |
| | : | |
| v. | : | Trial Court Case No. 2018-CVF-3524 |
| | : | |
| ALEX BELL DENTAL-DANIEL COBB, DDS, LLC | : | (Civil Appeal from Kettering Municipal Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of May, 2019.

. . . . . . . . . . .

DIANNE ADKINSON, 3330 Martel Drive, Dayton, Ohio 45420
        Plaintiff-Appellant, Pro Se

LAURENCE A. LASKY, Atty. Reg. No. 0002939, 130 West Second Street, Suite 830, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, Dianne Adkinson, appeals from the trial court's judgment of January 9, 2019, in which the court granted summary judgment in favor of Defendant-appellee, Alex Bell Dental—Daniel Cobb, DDS, LLC ("ABD"). Adkinson argues that the trial court erred by entering judgment pursuant to Civ.R. 56 because her complaint against ABD gave rise to a genuine issue of material fact regarding the interpretation of the terms of an accord and satisfaction. Although Adkinson's argument lacks merit, the allegations set forth in the complaint give rise to a material issue of fact regarding the applicability of the accord and satisfaction, meaning that the trial court erred in part by granting summary judgment. Therefore, the trial court's judgment of January 9, 2019, is affirmed in part and reversed in part, and this case is remanded to the trial court for further proceedings consistent with this decision.

## I. Facts and Procedural History

{¶ 2} Adkinson states that "[o]n or about 2017," she engaged ABD's services for the installation of a dental bridge. Appellant's Brief 3. The bridge, unfortunately, failed to remain fixed in place, but because it "was [under] warrant[y] for [five] years," ABD removed it and installed a replacement at "no additional charge." *Id.* ABD, for its part, acknowledges only that it performed "some bridgework" for Adkinson between "February 15, 2017 [and] October 10, 2017."[1] Appellee's Brief 1.

---

[1] The parties have indicated neither the date on which ABD installed the first bridge nor the date on which ABD installed the replacement bridge. Appellant's Brief 3-5; Appellee's Brief 1. By Adkinson's account, the interval during which she received the treatments in question extended until October 18, 2017. Appellant's Brief 3; Appellee's Brief 1.

{¶ 3} On November 7, 2017, Adkinson sent a letter to ABD in which she requested "a credit towards future dental work" in "recompense" for the discomfort and inconvenience she experienced because of the problem with the first bridge and the consequent necessity of her undergoing the installation of the replacement. Appellant's Brief 4 and Exhibit 1; Appellee's Brief 1. ABD contacted Adkinson by telephone on November 13, 2017, asking that she specify the amount of the credit she had in mind, and in an email message dated November 20, 2017, Adkinson said that she wanted a credit equivalent to the price of "one annual exam with [a] full set of x-rays." Appellant's Brief 4 and Exhibit 2; *see* Appellee's Brief 1. Noting that she might change her insurance provider in the following year, Adkinson also inquired about the insurance plans that ABD would accept. Appellant's Brief, Exhibit 2. ABD answered Adkinson's question about insurance in an email message dated December 4, 2017. Appellant's Brief, Exhibit 3.

{¶ 4} On or about December 5, 2017, ABD sent a letter to Adkinson offering to pay her $230 in exchange for her agreement to "release and forever discharge [ABD], Dr. [Daniel] Cobb in his personal capacity, and all [of ABD's] agents, employees, heirs and assigns from any and all claims * * * arising out of the treatment provided by [ABD] from February 15[, 2017,] through October 10, 2017." Appellant's Brief, Exhibit 5; Appellee's Brief 1. The letter arrived with a check enclosed, and in the letter, ABD advised Adkinson that by "accepting [the] check," she would be "accepting [the] sum [of $230] IN FULL SETTLEMENT, ACCORD AND SATISFACTION." (Capitalization sic.) Appellant's Brief 4 and Exhibit 5. Adkinson deposited the check into her bank account on December 6, 2017. Appellant's Brief 5. Then, by letter dated December 14, 2017, ABD informed Adkinson that, "effective 30 days from [her] receipt of [the] letter," it would no longer

provide her with treatment.    Appellant's Brief, Exhibit 6.

**{¶ 5}** In June 2018, Adkinson's replacement bridge broke.   *Id.* at 6.   Adkinson notified ABD in a letter regarding her "[w]arranty [c]overage" for the bridge.   Complaint, Kettering M.C. No. 18CVF03524 (Sept. 26, 2018), ¶ 16 and Exhibit E.   In the letter, which was dated July 2, 2018, Adkinson demanded a "refund [of her] out-of-pocket expenses," in the amount of $2,023, "as soon as possible."   *Id.*   ABD responded in an email message dated July 26, 2018, indicating that it "reject[ed] [Adkinson's] claim of 'warranty coverage' " on the basis of the foregoing " 'full settlement, accord and satisfaction.' "   *Id.* at Exhibit F.

**{¶ 6}** On September 26, 2018, Adkinson filed her complaint against ABD, presenting claims for breach of contract; breach of an express warranty; breach of an implied warranty; and unjust enrichment.   *Id.* at ¶ 18-22.   The trial court entered summary judgment in favor of ABD on January 9, 2019, and Adkinson timely filed her notice of appeal to this court on January 28, 2019.

## II. Analysis

**{¶ 7}** Adkinson's brief includes the substantive components required by App.R. 16(A), though Adkinson omits a formal statement of what appears to be her single assignment of error, which is that the trial court erred by entering judgment under Civ.R. 56 despite the existence of a genuine issue of material fact.   *See* Appellant's Brief 3. According to the rule itself, summary judgment is proper only when: (1) a case presents no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-

moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 8} Initially, the movant bears the burden of establishing the absence of any genuine issue of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

{¶ 9} Here, the trial court's magistrate determined that "this is an accord and satisfaction case," and in its judgment of January 9, 2019, the court adopted the magistrate's proposed findings of fact and conclusions of law. *See* Magistrate's Findings of Fact and Conclusions of Law 1, Dec. 4, 2018; Final Judgment Entry 3, Jan. 9, 2019.

Accord and satisfaction "is an affirmative defense to a claim for money damages." *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 231, 611 N.E.2d 794 (1993); *see also Reed Elsevier, Inc. v. Feder*, 2015-Ohio-5013, 50 N.E.3d 1067, ¶ 21 (2d Dist.), citing *Allen* at 231. To be successful, the defense requires proof that: (1) the plaintiff accepted the defendant's offer to resolve the plaintiff's claim; (2) the defendant satisfied its undertaking to the plaintiff; and (3) collectively, the offer and acceptance were supported by consideration. *See Allen* at 231-232. The first and second of these requirements "merge when [a] creditor manifests acceptance of [an] offer by negotiating a check sent by the debtor with the offer." *Id.* at 232.

{¶ 10} Two "essential safeguards [are] built into the doctrine of accord and satisfaction [to] protect creditors or injured parties from overreaching debtors or tortfeasors." *Id.* at paragraph two of the syllabus. First, "there must be a good-faith dispute about the debt" or potential claim for relief, and second, for a creditor or prospective plaintiff to be bound by its acceptance of an offer of resolution, "the creditor must have reasonable notice that the [offer] is intended to be in full satisfaction" of the debt or potential claim. *See id.* In "the case of an unliquidated or disputed demand, the consideration [for the accord and satisfaction] rests in part upon the settlement of the dispute." *Kirk Williams Co., Inc. v. Six Indus., Inc.*, 11 Ohio App.3d 152, 154, 463 N.E.2d 1266 (2d Dist.1983). A "claim is an 'unliquidated demand,' as the term is used in connection with an accord and satisfaction, if there is a bona fide dispute as to its [validity] or amount." (Citation omitted.) *See id.*

{¶ 11} Before discussing the merits of Adkinson's appeal, we address ABD's objection to the exhibits attached to Adkinson's brief. ABD contends, incorrectly, that we

may not consider any of the exhibits because they have not been properly authenticated. Appellee's Br. 3-4. Yet, the first, second, third and sixth exhibits to Adkinson's brief are the same documents that Adkinson attached to her complaint as Exhibits "A," "B," "C" and "D," and as a result, we may consider these exhibits pursuant to Civ.R. 10(C) and 56(C). Appellant's Brief, Exhibits 1-3 and 6; Complaint, Kettering M.C. No. 18CVF03524 (Sept. 26, 2018), Exhibits A-D; *see also Kirk Excavating & Constr., Inc. v. RKJ Ents., LLC*, 7th Dist. Carroll No. 18 CA 0926, 2018-Ohio-3735, ¶ 11. Furthermore, Adkinson's fifth exhibit is the same document attached by ABD as Exhibit "B" to its answer. Answer, Kettering M.C. No. 18CVF03524 (Nov. 2, 2018), Exhibit B. Although ABD's objection to our consideration of Adkinson's fourth exhibit is puzzling, ABD argues correctly that the document has not been properly authenticated, and we consequently have not considered it.

{¶ 12} Regarding the merits, Adkinson argues that the trial court erred by finding that she and ABD reached an accord and satisfaction because the record was insufficient to establish the parties' intentions beyond any genuine dispute. *See* Appellant's Brief 7. An accord constitutes " 'a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due,' " and the corresponding " '[s]atisfaction is the performance of that contract.' " *Fox Consulting Group, Inc. v. Spartan Warehouse and Distrib., Inc.*, 2016-Ohio-7621, 73 N.E.3d 1055, ¶ 8 (1st Dist.), quoting *Allen*, 66 Ohio St.3d at 231, 611 N.E.2d 794. When "construing a contract, a court's primary objective is to ascertain and give effect to the intent of the parties," and to "achieve this objective," the court should "examine the contract as a whole and presume that the language used reflects the parties' intent."

(Citation omitted.) *MRI Software, L.L.C. v. West Oaks Mall FL, L.L.C.*, 2018-Ohio-2190, 116 N.E.3d 694, ¶ 27 (8th Dist.). If "the contract is clear and unambiguous, [then] the court may look no [farther] than the four corners of the contract to find the intent of the parties." *Id.*

{¶ 13} Here, we find the terms of the accord proposed by ABD in its letter of December 5, 2017, to be clear and unambiguous. ABD offered to pay Adkinson $230 in exchange for a release from liability associated with "any and all claims * * * arising out of the treatment provided by [ABD] from February 15[, 2017,] through October 10, 2017." Appellant's Brief, Exhibit 5; Appellee's Brief 1. The terms proposed by ABD went well beyond the "recompense" requested by Adkinson in her letter of November 7, 2017, and would seem to encompass even treatment unrelated to the installation of the two bridges, so long as that treatment was provided during the stated interval. Nevertheless, the terms of ABD's offer were unequivocal, and whether ABD secretly intended to sever its professional relationship with Adkinson following her negotiation of the check is irrelevant. By depositing ABD's check into her bank account, Adkinson manifested her acceptance of the offer, thereby concluding the accord and satisfaction.

{¶ 14} An issue of material fact, however, remains to be adjudicated. The terms of the accord and satisfaction apply to treatment provided by ABD only between February 15, 2017, and October 10, 2017, but in her complaint, Adkinson alleges that "[t]he final appointment to install the replacement bridge occurred on October 18, 2017." Complaint, Kettering M.C. No. 18CVF03524 (Sept. 26, 2018), ¶ 7. ABD's response to this allegation, in violation of Civ.R. 8(B), is that its "counsel admits in part and denies in part the allegations set forth in Paragraphs 5, 6, 7 and 8 of [the] [c]omplaint." Answer,

Kettering M.C. No. 18CVF03524 (Nov. 2, 2018), ¶ 4.

{¶ 15} Under Civ.R. 8(B), only the defending "party," also referred to as the "pleader" in the rule, has standing to state its "defenses to each claim asserted" against it. Furthermore, "[w]hen a pleader intends in good faith to deny only part" of an allegation, "the pleader shall specify so much of it as is true and material and shall deny the remainder." (Emphasis added.) Regardless, ABD's response to Paragraph 7 of the complaint is meaningless in the absence of any indication as to which parts of "Paragraphs 5, 6, 7 and 8" it admits and which parts of "Paragraphs 5, 6, 7 and 8" it denies.

{¶ 16} Paragraph 4 of ABD's answer is, by default, a denial of Paragraph 7 of the complaint. Even so, as the party seeking summary judgment, ABD failed to meet its burden to submit evidence, of the types allowed under Civ.R. 56, sufficient to demonstrate the absence of any genuine issue regarding the dates in 2017 on which it provided treatment to Adkinson. In the absence of such evidence, the trial court had no basis on which to find that Adkinson's "claim[s] [were] settled in full by the parties on * * * December [6,] 2017, when [ABD's check for $230] was cashed," because only those claims related to treatment provided from February 15, 2017, to October 10, 2017, were settled under the accord and satisfaction. Final Judgment Entry 3. Adkinson's assignment of error is overruled in part to the extent that her complaint relates to treatment that she received from February 15, 2017, to October 10, 2017, but her assignment of error is sustained in part to the extent that her complaint relates to treatment that she received before February 15, 2017, or after October 10, 2017.

**III. Conclusion**

**{¶ 17}** The trial court found correctly that Adkinson's claims for relief were settled by the parties' accord and satisfaction with respect to treatment provided by ABD from February 15, 2017, to October 10, 2017. At the same time, the trial court erred inasmuch as it granted summary judgment in favor of ABD with respect to treatment provided before February 15, 2017, or after October 10, 2017. Therefore, the trial court's judgment of January 9, 2019, is affirmed in part, as it relates to claims for relief based upon treatment received by Adkinson in the interval stated in ABD's letter of December 5, 2017, and reversed in part, to the extent that Adkinson has stated claims for relief in her complaint that relate to treatment provided outside of that interval. The case is remanded to the trial court for further proceedings consistent with this decision.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Dianne Adkinson
Laurence A. Lasky
Hon. James F. Long